# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRUDUP, | CASE NO. 1:10-CV-00934-DLB PC |
| Plaintiff, | SECOND INFORMATIONAL ORDER, AND MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT NOTICE |
| v. | |
| J. WARD, et al., | |
| Defendants. | |

The plaintiff is proceeding pro se in this civil action. Pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), the court hereby notifies the plaintiff of the following rights and requirements for motions:

1. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230(l).

2. At some point in the litigation, the defendants may file a motion to dismiss this action on any number of grounds or a motion for summary judgment. The plaintiff is required to file an opposition or a statement of non-opposition to the motion. Local Rule 30(l). <u>If the plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u> The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion to dismiss (18 days plus 3 days for mailing).

*Id.*

4. At some point in the litigation, the defendants may file a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust, the court will look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20 (quoting *Ritza*, 837 F.2d at 368). If the court concludes that the plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the court will grant the motion to dismiss. *Id.* at 1120. If all of the claims are unexhausted, the case will be dismissed, which means the plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 923-26 (2007). A dismissal for failure to exhaust is without prejudice. *Wyatt*, 837 F.3d at 1120.

If defendants make an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies, the plaintiff may not simply rely on allegations in the complaint. Instead, the plaintiff must oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies. *See* Fed. R. Civ. P. 43(c); *Ritza*, 837 F.2d at 369. If the plaintiff does not submit his own evidence in opposition, the court may conclude that plaintiff has not exhausted administrative remedies and the case will be dismissed.

5. At some point in the litigation, one or more defendants may move for summary judgment as to some or all of plaintiff's claims. A motion for summary judgment is a request judgment on some or all of the plaintiff's claims in favor of the defendants without trial. Fed. R. Civ. P. 56(a). The defendants' motion will set forth the facts which the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, the plaintiff must show proof of his or her claims. The plaintiff may agree with the facts set forth

in the defendants' motion but argue that the defendants are not entitled to judgment as a matter of law. The plaintiff may show the defendants' facts are disputed in one or more of the following ways: (1) the plaintiff may rely upon statements made under the penalty of perjury in the complaint <u>if</u> the complaint shows that plaintiff has personal knowledge of the matters stated and <u>if</u> plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies; (2) the plaintiff may also serve and file affidavits or declarations[1] setting forth the facts which the plaintiff believes prove the plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) the plaintiff may also rely upon written records but the plaintiff must prove that the records are what the plaintiff claims they are;[2] (4) the plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should the plaintiff fail to contradict the defendants' motion with affidavits, declarations, or other evidence, the defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(c).

If defendants file a motion for summary judgment and the plaintiff files an opposition to the motion, Local Rule 260(b) requires the plaintiff to reproduce the defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If the plaintiff disputes (denies) a fact, the plaintiff must cite to the evidence used to support that denial (e.g., pleading, affidavit, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

If the defendants file a motion for summary judgment and the plaintiff is not yet able to present facts to justify the opposition to the motion, the court will consider a request to postpone consideration of the defendants' motion. Fed. R. Civ. P. 56(d). Any request to postpone

---

[1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts admissible in evidence. Fed. R. Civ. P. 56(c).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Fed. R. Civ. P. 56(c).

3

consideration of the defendants' motion for summary judgment must include the following: (1) an affidavit setting forth the specific facts the plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment. *State of California v. Campbell*, 138 F.2d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

      6. Unsigned affidavits or declarations will be stricken.

      7. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

      IT IS SO ORDERED.

      Dated:   **March 22, 2011**          **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE