# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRUDUP,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. WARD, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-CV-00934-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(DOC. 18)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

### **Findings And Recommendations**

**I.     Background**

Plaintiff Michael Crudup ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint filed May 25, 2010 against Defendants J. Ward and M. Jericoff for retaliation in violation of the First Amendment and violation of the Eighth Amendment. Pending before the Court is Defendants' unenumerated 12(b) motion to dismiss certain claims for Plaintiff's failure to exhaust administrative remedies, filed July 19, 2011. Defs.' Mot. Dismiss, Doc. 18. On October 14, 2011, Plaintiff filed a statement of non-opposition to Defendants' motion. Doc. 23. The matter is submitted pursuant to Local Rule 230(l).

**II.    Summary Of Complaint**

Plaintiff was a member of the Men's Advisory Council ("MAC") at Pleasant Valley State Prison ("PVSP") at all times relevant to the events in the complaint. Compl. ¶ 7. Defendant M.

1

Jericoff is a correctional officer at Pleasant Valley State Prison ("PVSP") in Coalinga, California. *Id.* ¶ 5. Defendant J. Ward is a correctional sergeant at PVSP. *Id.* ¶ 6. In the months preceding July 1, 2009, Plaintiff complained to Defendants concerning the cancellation of programs, which Plaintiff believes was exaggerated security concerns. *Id.* ¶ 7. Plaintiff was threatened with false write-ups and placed in administrative segregation ("ad seg"). Plaintiff continued his duties as a MAC member. *Id.*

On July 1, 2009, Defenadnt Jericoff approached Plaintiff in an aggressive manner and ordered Plaintiff to turn around and place his hands on his head. *Id.* ¶ 9. Plaintiff brought his hands to his head, and without warning, Defendant Jericoff grabbed Plaintiff in a bear hug, maliciously pushed him forward, tripping Plaintiff to the ground, and landing on top of Plaintiff, causing injuries to Plaintiff's neck and head. *Id.* Defendant Jericoff then maliciously grabbed Plaintiff's neck and attempted to push his head into the ground. *Id.*

Plaintiff suffered cuts and severe abrasions to his knees, elbows, and knuckles. Id. ¶ 10. When responding staff arrived, Defendant Jericoff handcuffed Plaintiff maliciously by cuffing him so tightly it cut Plaintiff's hands and wrists. *Id.* ¶ 11. Plaintiff filed a 602 inmate grievance regarding the above, and on September 4, 2009, Defendant Ward threatened Plaintiff with false reports and placement in ad seg unless he dropped the grievance. *Id.* ¶ 12. Defendants Ward and Jericoff falsified a Rules Violation Report in order to retaliate against Plaintiff and remove him from his MAC position. *Id.* ¶ 13. Plaintiff alleges retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment. Plaintiff requested declaratory relief, monetary damage, and costs of suit.

**III.    Exhaustion Of Administrative Remedies**

    **A.    Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*

*v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.   *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

**B.     Discussion**

The CDCR has an administrative grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  The process is initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36

(9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants concede that Plaintiff filed and exhausted an administrative grievance regarding the alleged excessive force incident. Defs.' Mem. P. & A. 3:7-11. However, Defendants contend that Plaintiff failed to exhaust administrative remedies as to his retaliation claim because he failed to file any grievances related to the alleged retaliation. *Id.* at 3:11-12. Defendants submit a declaration from J. Morgan, appeals coordinator at Pleasant Valley State Prison, attesting to the four inmate grievances that were filed within the relevant time period. J. Morgan Decl. ¶ 5. Having examined these four inmate grievances, the Court finds that none of the grievances relate to the alleged retaliation by Defendants Ward and Jericoff.

Plaintiff does not oppose Defendants' motion. Pl.'s Non-Opp'n, Doc. 23. Plaintiff concedes that he did not exhaust administrative remedies as to his retaliation claim. *Id.* Plaintiff is correct that dismissal of Plaintiff's retaliation claim will not affect exhaustion of Plaintiff's Eighth Amendment claim. Accordingly, the Court will recommend dismissal of Plaintiff's retaliation claim against Defendants Jericoff and Ward without prejudice. Because Plaintiff's only claim against Defendant Ward is for retaliation, the Court will also recommend dismissal of Defendant Ward from this action.

**IV.    Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss certain claims, filed July 19, 2011, should be GRANTED;
2. Plaintiff's retaliation claim against Defendants Jericoff and Ward should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and
3. Defendant Ward should be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations." The parties are advised that failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Martinez v.*
3  *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
4      IT IS SO ORDERED.
5      **Dated:**    **November 15, 2011**            **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE