# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRUDUP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. JERICOFF, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-00934-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT JERICOFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED**<br><br>ECF No. 35<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I.　**Background**

Plaintiff Michael Crudup ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed May 25, 2010, against Defendant M. Jericoff for excessive force in violation of the Eighth Amendment. On March 23, 2012, Defendant filed a motion for summary judgment. ECF No. 35. After receiving several extensions of time, Plaintiff did not timely file an opposition.[1] The matter is submitted pursuant to Local Rule 230(l).

## II.　**Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine

---

[1] Plaintiff was properly notified by Defendant of the requirements for opposing Defendant's motion for summary judgment in compliance with *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

1

dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

2

1  party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem
2  Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

3        In the endeavor to establish the existence of a factual dispute, the opposing party need not
4  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
5  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
6  trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the
7  pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
8  *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963
9  amendments).

10        In resolving a motion for summary judgment, the court examines the pleadings, depositions,
11  answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ.
12  P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all
13  reasonable inferences that may be drawn from the facts placed before the court must be drawn in
14  favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369
15  U.S. 654, 655 (1962) (per curiam)).

16        Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply
17  show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a
18  whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine
19  issue for trial.'"  *Matsushita*, 475 U.S. at 586-87 (citations omitted).

20  **III.**   **Statement of Facts[2]**

21        Plaintiff is a prisoner at the CDCR facility at Pleasant Valley State Prison (PVSP).  Pl.'s
22  Compl., ECF No. 1.  Defendant Michael Jericoff has been a correctional officer with the CDCR at
23  PVSP since 1993.  Def.'s Decl. ¶ 1.  Defendant Jericoff has been trained on the use of force and is
24  required to undergo continuing education on the use of force as a condition of his employment.
25  Def.'s Decl. ¶ 2.

26        On July 1, 2009, at approximately 8:00 a.m., Defendant Jericoff was performing his duties as
27  a D Facility Yard Officer, No. 2.  Def.'s Decl. ¶ 3.  Defendant Jericoff was contacted by another
28

---

[2] All facts are considered undisputed, unless otherwise noted.

3

officer that morning and asked to conduct a search of Plaintiff because the officer suspected that Plaintiff was in the possession of contraband. Def.'s Decl. ¶ 3. Defendant Jericoff approached Plaintiff, inmate number H-19429, and told him that he (Defendant) was going to conduct a clothed body search. Def.'s Decl. ¶ 3. In order to conduct such a search, Defendant Jericoff ordered Plaintiff to walk to the table in front of the work change area in order to move them away from the dip bars and toilet area. Def.'s Decl. ¶ 3.

As Defendant Jericoff and Plaintiff approached the table, Plaintiff walked in front of Defendant Jericoff. Defendant Jericoff saw him put his left hand inside the left side of his leg pant area as they both came to a stop. Def.'s Decl. ¶ 4. Defendant Jericoff then ordered Plaintiff to remove his hand from his pants. Def.'s Decl. ¶ 4. Although Plaintiff pulled his left hand out from the left side of the waist band of his pants, as he did so, he also made an upward motion and put his hand to his mouth as if to swallow or conceal something. Def.'s Decl. ¶ 4.

Because Defendant Jericoff was unaware of Plaintiff's intentions or the contents of what was in his hand that he was apparently trying to swallow, and because time was of the essence, to prevent swallowing of whatever Plaintiff had attempted to conceal, Defendant Jericoff immediately ordered Plaintiff to get down. Def.'s Decl. ¶ 5. Defendant Jericoff then wrapped his arms around Plaintiff's upper body to secure his arms to his sides so that Plaintiff could not conceal or swallow whatever was in his hand. Def.'s Decl. ¶ 5. It is Defendant's experience that inmates often attempt to hide weapons or drugs which, if swallowed, could cause serious harm to the inmate. Def.'s Decl. ¶ 5.

When Plaintiff would not obey Defendant Jericoff's order to get down, Defendant Jericoff had to lift him up and take him to the ground. Def.'s Decl. ¶ 5. Officer Scantlin then ordered Plaintiff to be placed into restraints, and Plaintiff complied. Def.'s Decl. ¶ 5. Officer Scantlin placed Plaintiff in handcuffs and Officer Fernando ordered Plaintiff to stand up and then escorted him to the Program Office for a medical evaluation. Def.'s Decl. ¶ 5. Plaintiff exhibited no visible signs of injury as he was taken to the Program Office and was evaluated there as having a few minor abrasions. Def.'s Decl. ¶ 8; Susan Mendonca[3] Decl. ¶ 3 and Ex. A, Medical Report of Injury Or

---

[3] Susan Mendonca is the Case Records Manager at CDCR for PVSP since July of 2011. Mendonca Decl. ¶ 1. She is the custodian of records for central files for the prison, and for Plaintiff's central she attests to the authenticity of several documents used in support of Defendant's motion for summary judgment.

1 Unusual Occurrence, dated July 1, 2009.

2 Just before Plaintiff was escorted by Officer Fernando to the Program Office, Defendant
3 Jericoff discovered two green pills located approximately 2 feet away from Plaintiff.  Def.'s Decl. ¶
4 6.  Defendant Jericoff submitted these two pills to the pharmacist in Facility D, N. Yang, who
5 verified that they were Gabapentin, also known as Neurontin.  Def.'s Decl. ¶ 6.  This medication is
6 considered as contraband within the prison system.   Def.'s Decl. ¶ 6; Mendonca Decl. ¶ 3 and Ex.
7 B, Identified Controlled Substance/Prescribed Medication Report.

8 Defendant Jericoff used no more force than was necessary and reasonable to gain Plaintiff's
9 compliance with a lawful order that Defendant Jericoff had issued to him on the morning of July 1,
10 2009.  Def.'s Decl. ¶ 7.  Plaintiff's behavior that morning indicated to Defendant Jericoff that he
11 (Plaintiff) was attempting to conceal or swallow something that he was holding in his hands.  Def.'s
12 Decl. ¶ 7.  Defendant Jericoff put his arms around Plaintiff's upper body in order to secure his arms
13 to his sides so that he could not hide or swallow whatever it was he had in his hands.  Def.'s Decl. ¶
14 7.  Defendant Jericoff took Plaintiff to the ground because he would not voluntarily comply with an
15 order to get down.  Def.'s Decl. ¶ 7. Defendant Jericoff acted in good faith to obtain compliance with
16 a reasonable order and prevent the destruction of potential contraband, and did not act for the
17 purpose of causing Plaintiff harm. At no time did Defendant Jericoff use force maliciously or
18 sadistically.  Def.'s Decl. ¶ 7.

19 As a result of this event, Plaintiff was issued a Rules Violation Report for resisting a peace
20 officer resulting in the use of force.  Mendonca Decl. ¶ 3 and Ex. C, Rules Violation Report 09/FD-
21 07-001. After a hearing, Plaintiff was found guilty of this charge and assessed a credit forfeiture of
22 90 days for a Division D offense.   Mendonca Decl. ¶ 3 and Ex. C.  Plaintiff submitted an appeal
23 regarding this Rules Violation, in which he requested that the violation be reversed and expunged.
24 The appeal was denied with the finding that sufficient evidence existed to support the finding of guilt
25 and this finding has never been reversed or expunged from Plaintiff's central file.  Mendonca Decl. ¶
26 4 and Ex. D, CDC 602 Appeal PVSP-D-09-01773.

27 //
28 //

1 | **IV.    Analysis**

2 | Plaintiff alleges that Defendant Jericoff used excessive force on Plaintiff in violation of the Eighth Amendment on July 1, 2009.  Defendant Jericoff contends that the use of force was reasonable under the circumstances.  Def.'s Mem. P. & A. 7:24-10:2.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Based on the undisputed facts, even construed in the light most favorable to Plaintiff as the non-moving party, there are no genuine disputes of material fact.  Defendant Jericoff reacted to a

6

situation in which Plaintiff failed to comply with direct orders in an attempt to conceal contraband. Defendant Jericoff wrapped his arms around Plaintiff's arms to prevent Plaintiff from concealing what he had in his hands. Defendant Jericoff took Plaintiff to the ground when he did not comply with Defendant Jericoff's order to get down to the ground. Any injuries to Plaintiff's wrists from being handcuffed were caused by officer Scantlin, the officer who actually handcuffed Plaintiff. Additionally, Plaintiff was medically evaluated and determined to have only three minor scratches or abrasions. The undisputed facts indicate that the application of force was reasonable under the circumstances. Defendant Jericoff's use of force was applied in a good-faith effort to maintain or restore discipline. Defendant Jericoff is entitled to judgment as a matter of law as to Plaintiff's Eighth Amendment claim.

Defendant Jericoff also contends that he is entitled to qualified immunity. Mem. P. & A. 11:4-14. Because the Court finds that Defendant Jericoff is entitled to judgment as a matter of law as to Plaintiff's Eighth Amendment claim, the Court declines to further address the qualified immunity argument.

## V.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Jericoff's motion for summary judgment, filed March 23, 2012, should be granted;
2. Summary judgment should be granted in favor of Defendant Jericoff and against Plaintiff as to Plaintiff's Eighth Amendment claim for excessive force, the remaining claim in this action; and
3. The Clerk of the Court be directed to enter judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 6, 2012**               /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE